Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
*swritcheson@insightplc.com*

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**TEKVOKE, LLC,**

    Plaintiff,

v.

**8X8, INC.,**

    Defendant.

Civil Action No.: _____

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff Tekvoke, LLC ("Plaintiff" or "Tekvoke"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant 8x8, Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 6,687,343 ("the '343 Patent" or the "Patent-in-Suit") and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

### THE PARTIES

2. Plaintiff is a Texas limited liability company with its principal place of business at 15922 Eldorado Pkwy, Ste 500-1703 Frisco, TX 75035.

1

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR A JURY TRIAL**

3. Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 2125 O'Nel Drive, San Jose, California 95131. Upon information and belief, Defendant may be served with process c/o: CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.8x8.com, which is in the business of providing spread-spectrum transmitters for sending data over a communications channels, amongst other products. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website, and its incorporated and/or related systems (collectively the "8x8 Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the 8x8 Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the forum state and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods*

2

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR A JURY TRIAL**

*Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On February 3, 2004, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '343 Patent, entitled "Internet Communication Control Apparatus and Communication Terminal Calling Method" after a full and fair examination. The '343 Patent is attached hereto as **Exhibit A**.

11. The application that later became the '343 Patent was filed on April 11, 2202.

12. The '343 Patent was originally assigned to Panasonic Communications Co., Ltd.

13. Plaintiff is presently the owner of the '343 Patent, having received all right, title and interest in and to the '343 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '343 Patent, including the exclusive right to recover for past infringement.

14. The main object of the invention claimed in the '343 Patent is to "provide an Internet communication control apparatus and communication terminal calling method that can easily perform individual calling process, without complicating or upsizing the apparatus, when connected telephones and facsimile apparatuses having incoming calls from multiple parties about the same time with an overlapping of time." **Ex. A** at 2:13-18.

15. Claim 1 of the '343 Patent states:

> 1. An Internet communication control apparatus selectively connected to a plurality of communication terminals and to a computer network, said Internet communication control apparatus comprising:
>
> a controller configured to transmit calling signals to said plurality of communication terminals, wherein a single calling signal having a first predetermined time period is transmitted to one communication terminal of said plurality of communication terminals when a single calling request is detected from the computer network, and wherein plural calling signals having a second predetermined time period are sequentially transmitted to plural communication terminals of said plurality of communication terminals when plural calling requests are detected from the computer network, said plural calling signals being transmitted one after another to the plural communication terminals.

*See* **Exhibit A**.

16. Defendant commercializes, inter alia, an apparatus having all the elements and components recited in at least one claim of the '343 Patent. More particularly, Defendant makes, uses, sells, offers for sale, or imports a system and/or device that encompasses that which is covered by Claim 1 of the '343 Patent.

## DEFENDANT'S PRODUCTS

17. Defendant offers a cloud-based solution, such as the "8x8 VoIP Phone Service" (the "Accused Instrumentality") that integrates phone, video, meetings and messaging into a single easy-to-use system. A non-limiting and exemplary claim chart comparing the Accused Instrumentality to Claim 1 of the '343 Patent is attached hereto as **Exhibit B** and is incorporated herein as if fully rewritten.

18. As recited in Claim 1, the Accused Instrumentality (e.g., 8x8 VoIP Phone Service) is an Internet communication control apparatus (e.g., Cloud PBX) selectively connected to a plurality of communication terminals (e.g., desk phones and mobile app installed smart devices) and to a computer network. *See* **Exhibit B**.

19. As recited in Claim 1, the Accused Instrumentality (e.g., 8x8 VoIP Phone Service) utilizes a controller (e.g., Cloud PBX) configured to transmit calling signals to said plurality of communication terminals (e.g., desk phones and mobile app installed smart devices), wherein a single calling signal having a first predetermined time period (e.g., user defined time for ringing) is transmitted to one communication terminal (e.g., user defined single agent) of said plurality of communication terminals (e.g., desk phones and mobile app installed smart devices) when a single calling request (e.g., User Call initiation) is detected from the computer network (e.g., 8x8's cloud VoIP). *See* **Exhibit B**.

20. As recited in Claim 1, the Accused Instrumentality includes plural calling signals having a second predetermined time period (e.g., user defined time for ringing) are sequentially transmitted (e.g., sequential call forwarding) to plural communication terminals (e.g., multiple agents) of said plurality of communication terminals (e.g., desk phones and mobile app installed smart devices) when plural calling requests are detected from the computer network, said plural calling

4

signals being transmitted one after another (e.g., sequential call forwarding) to the plural communication terminals (e.g., multiple agents). See **Exhibit B**.

21. As recited in Claim 1, the Accused Instrumentality (e.g., 8x8 VoIP Phone Service) utilizes a controller (e.g., Cloud PBX) which is provided with a sequential call forwarding feature wherein 8x8 Cloud allows users to customize the number of calling agents (i.e. singular or plural calling terminals) as well as predetermined time period for calling signals (i.e. user controlled ringing time which indicates how long should an agent's phone ring before choosing a new agent to receive the call). In case of multiple agents receiving call agents in the queue (i.e. plural calling signals to plurality of communication terminals) there exist a provision for sequential transmission of call to plurality of communication terminal (i.e. sequential call forwarding in user specified order). See **Exhibit B**.

## INFRINGEMENT OF THE '343 PATENT

22. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

23. In violation of 35 U.S.C. §271, Defendant has directly infringed the '343 Patent.

24. Defendant has directly infringed at least one claim of the '343 Patent by making, using (at least through internal testing or otherwise), selling, offering for sale and/or importing the Accused Instrumentality without authority in the United States. As a direct and proximate result of Defendant's direct infringement of the '343 Patent, Plaintiff has been damaged.

25. In addition, Defendant has had knowledge of the '343 Patent and the alleged infringement of the '343 Patent at least as of the service of the present Complaint. Plaintiff reserves this right to amend this complaint to seek damages for indirect and/or willful infringement to the full extent permitted by law.

26. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '343 Patent, pursuant to 35 U.S.C. §271.

27. Defendant has committed these acts of infringement without license or authorization.

28. As a result of Defendant's infringement of the '343 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

29. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in **Exhibit B** is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

30. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. An adjudication that the '343 Patent has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

E. Any further relief that this Court deems just and proper.

Dated: November ___, 2019           Respectfully submitted,

By:_ _____

Steven W. Ritcheson

7

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR A JURY TRIAL**

**LIST OF EXHIBITS**

A. United States Patent No. 6,687,343
B. Exemplary Claim Chart